# Court of Appeals
# of the State of Georgia

ATLANTA,  June 04, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0329.   ARTHUR E. FERDINAND, FULTON COUNTY TAX COMMISSIONER v. FULTON COUNTY, GEORGIA.**

Arthur E. Ferdinand, the Fulton County Tax Commissioner, brought an action for declaratory judgment against Fulton County, seeking a judicial determination as to whether certain employees are covered by the County's Civil Service Act and Merit System as amended in 2013. The superior court issued summary judgment in favor of the County, and Ferdinand filed both a direct appeal, Case No. A20A1548, and, in an abundance of caution, this application for discretionary review.[1]

The superior court's order is subject to direct appeal. See OCGA §§ 5-6-34 (a) (1) (appellate courts may review final judgments of the superior courts), 9-4-2 (a) (declaratory judgment "shall have the force and effect of a final judgment or decree and be reviewable as such"), 9-11-56 (h) (grant of summary judgment is subject to direct appeal). Notably, although the respondent in this case is Fulton County, the superior court did not review an adjudicative decision of the County, so the provisions of OCGA § 5-6-35 (a) (1) do not apply. See *State of Ga. v. Intl. Keystone Knights of the Ku Klux Klan, Inc.*, 299 Ga. 392, 403-404 (4) (a) (788 SE2d 455) (2016) ("The decisions in which this Court has actually applied OCGA § 5-6-35 (a) (1) to require applications for discretionary review in cases involving administrative agencies almost uniformly appear to have concerned agency determinations of an

---

[1] We transferred the application and direct appeal to the Supreme Court, which concluded that appellate jurisdiction lies in the Court of Appeals. See Supreme Court Order in S20D1033 (decided on April 9, 2020) & Supreme Court Order in S20A1094 (decided on May 18, 2020).

adjudicative nature. We consistently have refused, on the other hand, to require applications in cases concerning executive determinations and those involving rulemaking or other determinations of a legislative nature.").

Ordinarily, when an applicant seeks discretionary review of a superior court order that is subject to direct appeal, we grant the application under OCGA § 5-6-35 (j). Ferdinand, however, has already filed a notice of appeal in the trial court. This application is therefore DISMISSED as duplicative.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* __06/04/2020__
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


*, Clerk.*